CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED
February 26, 2025
LAURA A. AUSTIN, CLERK
BY: s/J.Vasquez
     DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| **CURTIS DWAYNE HOLBROOK,**  Plaintiff, | ) )  Case No. 7:24-cv-00010 |
| v. | ) ) ) ) ) ) |
| **CHARLES HURLBURT,**[1] **et al.,**  Defendants. | By: Michael F. Urbanski  Senior United States District Judge |

# MEMORANDUM OPINION

Curtis Dwayne Holbrook, an inmate proceeding pro se, filed this action under 42 U.S.C. § 1983 against Dr. Charles Hurlburt, Nurse Practitioner Crystal Large, Brian Parks, and Josh Hayes.[2] The defendants have moved to dismiss Holbrook's amended complaint under Federal Rule of Civil Procedure 12(b)(6). ECF Nos. 32 and 35. For the reasons set forth below, the motions to dismiss are **GRANTED**, and the claims against the defendants are **DISMISSED** without prejudice.

## I.   Background

Holbrook is incarcerated at the Southwest Virginia Regional Jail in Duffield, Virginia (the Jail), and his claims stem from events that allegedly occurred at the Jail. The following factual allegations are taken from Holbrook's amended complaint.[3]

---

[1] Dr. Charles Hurlburt is incorrectly identified in the complaint as Charles Hulbert. The Clerk is directed to update the docket to reflect the correct spelling of this defendant's last name.

[2] This is the third action that Holbrook filed against the same defendants. The first two actions were consolidated on August 30, 2022, and dismissed without prejudice on May 23, 2023, for failure to prosecute. See Holbrook v. Wexford Health Sources, Inc., No. 7:22-cv-00121 (W.D. Va.); Holbrook v. Southwest Virginia Reg'l Jail Auth., No. 7:22-cv-00184 (W.D. Va.).

[3] Holbrook's original complaint named Wexford Health Services and the Jail as the only defendants. ECF No. 1. By order entered February 7, 2024, Holbrook was advised that the original complaint failed to state a claim under § 1983 against the named defendants and that he must file an amended complaint if he wished

Holbrook was involved in a car accident prior to being arrested and detained at the Jail. Am. Compl., ECF No. 14, at 4. At some point after he arrived at the Jail, Holbrook "was told by a doctor who called [his] surgeon [that he] needed physical therapy." Id. Although Holbrook had one physical therapy appointment with an outside provider, Dr. Hurlburt and Nurse Practitioner Large (collectively, the medical defendants) "did not make any more appointments" and "would not make any more appointments." Id. at 4–5. When Holbrook spoke to Dr. Hurlburt about the issue, Dr. Hurlburt informed him that "the Jail didn't want to take [him]" and that it did not matter whether he sued Dr. Hurlburt or Wexford Health. Id. at 5.

Holbrook asked to speak to the Captain (Brian Parks) and the Major (Josh Hayes) about being transported offsite for physical therapy, but he "never got to" do so. Id. Holbrook "think[s] it would have to be okayed by the Captain or Major before someone was transported" for a medical appointment. Id. Based on this assumption and his conversation with Dr. Hurlburt, Holbrook believes that Parks and Hayes "didn't or wouldn't let the Jail transport [him] to do physical therapy." Id. at 6.

Holbrook also asserts that Dr. Hurlburt and Nurse Practitioner Large "denied" him a "beverage for breakfast, lunch, and dinner." Id. at 5. When Holbrook informed them that he

---

to proceed with the case. ECF No. 13. The order also advised Holbrook that the amended complaint would "replace the original complaint and constitute the sole complaint in this action." Id. at 2; see also Fawzy v. Wauquez Boats SNC, 873 F.3d 451, 455 (4th Cir. 2017) ("Because a properly filed amended complaint supersedes the original one and becomes the operative complaint in the case, it renders the original complaint 'of no effect.'") (quoting Young v. City of Mt. Ranier, 238 F.3d 567, 573 (4th Cir. 2001)). Accordingly, the amended complaint is the operative pleading in this case, and the defendants have properly focused their motions on whether it contains sufficient factual allegations to state a claim that is "plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

2

was "allergic to the Kool-Aid," they instructed him "to avoid it an[d] drink water." Id. Holbrook alleges that they did not provide him with the "right liquids" to have "so many calories a day." Id.

Based on these allegations, Holbrook seeks to recover more than three million dollars in damages from the defendants. Id. at 3. The defendants have moved to dismiss the amended complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted. In response to the defendants' motions, Holbrook filed a "notice" indicating that he wishes to "keep [the] case going." ECF No. 38; see also ECF No. 41 (notifying the court that he requested a jury trial and that he wishes to "plead [his] case in court").

## II. Standard of Review

To survive dismissal for failure to state a claim, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the plaintiff's allegations "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. While a complaint does not need "detailed factual allegations," merely offering "labels and conclusions," "naked assertions devoid of further factual enhancement," or "a formulaic recitation of the elements of a cause of action will not do." Id. (internal quotation marks and brackets omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555.

3

When a complaint is filed by a plaintiff proceeding pro se, it must be construed liberally. King v. Rubenstein, 825 F.3d 206, 214 (4th Cir. 2016). "Principles requiring generous construction of pro se complaints are not, however, without limits." Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). A complaint filed without the assistance of counsel "still must contain enough facts to state a claim for relief that is plausible on its face." Thomas v. Salvation Army S. Terr., 841 F.3d 632, 637 (4th Cir. 2016) (internal quotation marks omitted).

### III.    Discussion

Holbrook seeks relief under 42 U.S.C. 1983. Section 1983 imposes liability on any person who, under color of state law, deprives another person "of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). Additionally, because liability is "determined person by person," a plaintiff must show that "each Government-official defendant, through the official's own individual actions, has violated the Constitution." King v. Riley, 76 F.4th 259, 269 (4th Cir. 2023) (internal quotation marks omitted); see also Jones v. Solomon, 90 F.4th 198, 206 (4th Cir. 2024) ("Liability under § 1983 must be analyzed individually for each defendant.").

The court, like the defendants, construes the amended complaint to allege that the defendants acted with deliberate indifference to Holbrook's serious medical needs. The standard that applies to this type of claim depends on whether a plaintiff was a pretrial detainee

4

or a convicted prisoner at the time of the conduct at issue. A convicted prisoner's claim of deliberate indifference is brought pursuant to the Eighth Amendment's prohibition of cruel and unusual punishment, while a pretrial detainee's claim of deliberate indifference is brought pursuant to the Due Process Clause of the Fourteenth Amendment. Stevens v. Holler, 68 F.4th 921, 930-31 (4th Cir. 2023).

"An Eighth Amendment claim for deliberate indifference to serious medical needs includes objective and subjective elements." Mays v. Sprinkle, 992 F.3d 295, 300 (4th Cir. 2021). The plaintiff must plausibly allege that the defendant "acted with 'deliberate indifference' (the subjective component) to the plaintiff's 'serious medical needs' (the objective component)." Gordon v. Schilling, 937 F.3d 348, 356 (4th Cir. 2019) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)). The subjective component of deliberate indifference "requires that the official have 'had actual subjective knowledge of both the inmate's serious medical condition and the excessive risk posed by the official's action or inaction.'" Mays, 992 F.3d at 300 (quoting Jackson v. Lightsey, 775 F.3d 170, 178 (4th Cir. 2014)). "That is a higher standard for culpability than mere negligence or even civil recklessness, and as a consequence, many acts or omissions that would constitute medical malpractice will not rise to the level of deliberate indifference." Jackson, 775 F.3d at 178. Likewise, a disagreement between an inmate and a healthcare professional over the inmate's proper medical care "fall[s] short of showing deliberate indifference." Id. Instead, "the treatment given must be so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." Hixson, 1 F.4th 297, 303 (4th Cir. 2021) (internal quotation marks omitted).

5

The Due Process Clause of the Fourteenth Amendment protects pretrial detainees from governmental actions that are "not rationally related to a legitimate nonpunitive purpose or that . . . appear excessive in relation to that purpose." Kingsley v. Hendrickson, 576 U.S. 389, 398 (2015) (internal quotation marks and citation omitted). To state a claim for deliberate indifference to a serious medical need in violation of the Fourteenth Amendment, "a pretrial detainee must plead that (1) they had a medical condition or injury that posed a substantial risk of serious harm; (2) the defendant intentionally, knowingly, or recklessly acted or failed to act to appropriately address the risk that the condition posed; (3) the defendant knew or should have known (a) that the detainee had that condition and (b) that the defendant's action or inaction posed an unjustifiably high risk of harm; and (4) as a result, the detainee was harmed." Short v. Hartman, 87 F.4th 593, 611 (4th Cir. 2023). Under this standard, the plaintiff is not required to demonstrate "that the defendant had actual knowledge of the detainee's serious medical condition and consciously disregarded the risk that their action or failure to act would result in harm." Id. Instead, a plaintiff need only "show that the defendant acted or failed to act 'in the face of an unjustifiably high risk of harm that is either known or so obvious that it should be known.'" Id. (quoting Farmer v. Brennan, 511 U.S. 825, 836 (1994)). Allegations of mere negligence are "not enough" to meet this standard. Id. at 611-12.

Applying these principles, the court concludes that Holbrook's allegations against Dr. Hurlburt and Nurse Practitioner Large fail to state a cognizable claim of deliberate indifference in violation of the Eighth Amendment or the Fourteenth Amendment. Even assuming that Holbrook had an objectively serious physical condition resulting from a prior motor vehicle accident, his amended complaint does not allege facts sufficient to show that the medical

6

defendants "intentionally, knowingly, or recklessly acted or failed to act to appropriately address the risk that the condition posed," or "knew or should have known . . . that [their] action or inaction posed an unjustifiably high risk of harm." Id. at 611. Holbrook acknowledges that he had an appointment with a physical therapist after arriving at the Jail. While he may have preferred to have had additional physical therapy sessions with an off-site provider, an inmate "does not enjoy a constitutional right to the treatment of his or her choice." De'Lonta v. Johnson, 708 F.3d 520, 526 (4th Cir. 2013). Without additional factual content, the allegations in the amended complaint do not provide a plausible basis to conclude that Holbrook suffered any harm as a result of not receiving off-site physical therapy, or that the medical defendants "consciously disregarded the risk that their action or failure to act would result in harm" or "knew or should have known . . . that [their] action or inaction posed an unjustifiably high risk of harm." Short, 87 F.4th at 611. Consequently, the amended complaint fails to state an Eighth or Fourteenth Amendment claim of deliberate indifference against Dr. Hurlburt or Nurse Practitioner Large arising from their decision to not make additional physical therapy appointments.

To the extent that Holbrook complains of not receiving an adequate substitute for Kool-Aid on his meal trays, he fails to state a claim against Dr. Hurlburt or Nurse Practitioner Large. Holbrook alleges that the medical defendants instructed him to drink water when he informed them of his Kool-Aid allergy and that drinking water does not enable him to consume "so many calories a day." Am. Compl. at 14. While Holbrook obviously disagrees with the medical defendants' instructions, his amended complaint does not set forth any facts from which the court could reasonably infer that drinking plain water with his meals "posed

7

an unjustifiably high risk of harm," or that either medical defendant "intentionally, knowingly, or recklessly acted or failed to act to appropriately address the risk." Short, 87 F.4th at 611. Likewise, there is no indication that Holbrook suffered any harm as a result of only having access to plain water. Id. Therefore, the beverage-related allegations fail to state a constitutional claim against either medical defendant.

Finally, the court concludes that the amended complaint fails to state a claim under § 1983 against Captain Parks or Major Hayes. Although Holbrook seeks to hold Parks and Hayes liable for failing to transport him to additional physical therapy appointments, he has failed to adequately plead that either correctional officer was actually aware of his alleged need for physical therapy. Holbrook acknowledges in the amended complaint that he never had the opportunity to speak to either correctional officer, and the pleading is devoid of any other facts that would allow the court to reasonably infer that Parks or Hayes considered and denied requests to transport Holbrook for additional physical therapy appointments. While Holbrook may "think" that Parks and Hayes were responsible for approving transportation requests for medical appointments, Am. Compl. at 5, such speculation is insufficient to plead a plausible claim for relief. See Twombly, 550 U.S. at 554 ("Factual allegations must be enough to raise a right to relief above the speculative level."); Lemon v. Myers Bigel, P.A., 985 F.3d 392, 400 (4th Cir. 2021) ("Speculation, of course, falls short of what Twombly and Iqbal require.").

## IV. Conclusion

For the reasons stated, the defendants' motions to dismiss, ECF Nos. 32 and 35, are **GRANTED**. Because Holbrook is proceeding pro se, the court will dismiss the amended complaint without prejudice and afford him one final opportunity to file a second amended

8

complaint. If a second amended complaint is not filed within 30 days, the case will be stricken from the court's active docket.

                Entered: February 25, 2025

Michael F. Urbanski
U.S. District Judge
2025.02.25 15:24:00
-05'00'

Michael F. Urbanski
Senior United States District Judge